

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-72,382-04 & -05

### EX PARTE GARY L. KENNEDY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 2015CR3877-W1 & 2014CR7948-W1
### IN THE 227TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Pursuant to a plea bargain, Applicant was convicted of violation of annual sex offender registration and cruelty to non-livestock animals and sentenced to fifteen years' imprisonment in each case, to run concurrently. The Fourth Court of Appeals dismissed his direct appeals. *Kennedy v. State*, Nos. 04-16-00673-CR & 04-16-00674-CR (Tex. App.—San Antonio Nov. 30, 2016) (not designated for publication).

Applicant contends, among other things, that his appellate counsel failed to timely advise him of his right to file a *pro se* petition for discretionary review (PDR).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel complied with Rule of Appellate Procedure 48.4. The trial court shall also determine whether appellate counsel failed to timely advise Applicant of his right to file a *pro se* PDR. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: October 18, 2017
Do not publish